IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERESA M. YOUNG, | * | |
| Plaintiff, | * | |
| v. | * | |
| | | Civil Action No. RDB-21-880 |
| LLOYD AUSTIN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

On October 14, 2021, this Court issued a Memorandum Opinion and Order granting Defendant Secretary Lloyd Austin's motion to dismiss Plaintiff Teresa M. Young's complaint. (ECF Nos. 40, 41.) Presently pending before this Court is Plaintiff's Motion for Reconsideration.[1] (ECF No. 42.) Plaintiff's submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021.) For the reasons that follow, Plaintiff's Motion for Reconsideration (ECF No. 42) is DENIED.

**STANDARD OF REVIEW**

A plaintiff filing *pro se* is held to "less stringent standards" than is a lawyer, and the Court must liberally construe her claims, no matter how "inartfully" pled. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 724

---

[1] On January 4, 2022, Plaintiff filed a supplement to her motion for reconsideration. (ECF No. 43.) Plaintiff's supplement contains the original motion for reconsideration as well as a "Declaratory Statement" notifying this Court that Plaintiff had not yet received any decision on her motion for reconsideration. (ECF No. 43-1.) The supplement adds no new arguments to the original motion.

(4th Cir. 2010) (observing that liberal construction of a complaint is particularly appropriate where a *pro se* plaintiff alleges civil rights violations).

The Federal Rules of Civil Procedure do not expressly provide for a "postjudgment 'motion for reconsideration.' Rather, they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, Civ. No. WDQ-05-0001, 2010 U.S. Dist. LEXIS 95988, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted).

Plaintiff filed her motion within 28 days of this Court's Order granting Defendant's motion to dismiss.[2] Accordingly, Rule 59(e) governs this Court's analysis. *See, e.g., Knott v. Wedgwood*, DKC-13-2486, 2014 U.S. Dist. LEXIS 181495, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014) ("Although Plaintiff purports to bring his motion for reconsideration under Rule 60(b)(1), because it was filed within twenty-eight days of entry of the underlying order, it is properly analyzed under Rule 59(e).")

---

[2] While Plaintiff's motion was not docketed until November 12, 2021, 29 days after this Court issued its Memorandum Opinion and Order, her motion and the accompanying certificate of service are dated October 21, 2021. In addition, the envelope in which Plaintiff's motion arrived at the Office of the Clerk of this Court bears a postmark dated October 30, 2021.

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *see also Fleming v. Maryland National Capital Park 6—Panning Commission*, DKC-11-2769, 2012 U.S. Dist. LEXIS 31006, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Kelly v. Simpson*, RDB-16-4067, 2017 U.S. Dist. LEXIS 108804, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming* 2012 U.S. Dist. LEXIS 31006, 2012 WL 12877387, at *1.

## ANALYSIS

This Court recognizes that Plaintiff is *pro se* and has accorded her pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff has not met the high bar she faces to succeed on her motion for reconsideration. There has been no intervening change in controlling law since this Court's Memorandum Opinion and Order of October 14, 2021; no new evidence has come to light; and no clear error of law or manifest injustice has been identified in this Court's Order itself. Instead, Plaintiff argues that this Court's Order "represents a miscarriage of justice" because she claims this Court did not ensure that she received copies of all filings in this case. (ECF No. 42 at 2.) Plaintiff's bald allegations do

not meet the standard for a motion pursuant to Rule 59(e). Plaintiff does not specify which filings she did not timely receive. Moreover, the record reflects that the Clerk of this Court mailed Plaintiff a Notice that Defendant had filed his motion to dismiss and informed her that she had 28 days to respond to the motion. (ECF No. 36.) Plaintiff then timely responded. (ECF No. 37.) Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 42) is DENIED.[3]

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 8th day of March, 2022, that Plaintiff's Motion for Reconsideration (ECF No. 42) is DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge

---

[3] To the extent Plaintiff requests that the undersigned recuse himself from this matter due to alleged "judicial bias," "character flaws," and "bad faith," the request is denied. (ECF No. 42 at 3.) 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See Barnes v. United States*, Civil No. PJM-12-3474, Crim. No. PJM-06-0178, 2014 U.S. Dist. LEXIS 63902, 2014 WL 1874985, at *2 (D. Md. May 8, 2014) (applying 28 U.S.C. § 455(a) to petitioner's motion to dismiss judge from case). Specifically, a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "The critical question presented by this subsection 'is not whether the judge is impartial in fact,' but rather whether another 'might reasonably question [the judge's] impartiality on the basis of all the circumstances.'" *Barnes*, 2014 U.S. Dist. LEXIS 63902, 2014 WL 1874985, at *2 (quoting *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998)). The record does not reflect the existence of any factors supporting recusal. Dissatisfaction with a court's ruling is not a basis for recusal. *Worsham v. Disc. Power*, Civil Action No. RDB-20-0008, 2021 U.S. Dist. LEXIS 71264, at *4-5 (D. Md. Apr. 13, 2021).